UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PRADERA SFR, LLC, <br> *Plaintiff* <br> <br> v. <br> <br> AMERICAN HOUSING VENTURES, LLC, <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No.  SA-24-CA-01036-XR |

## **DISMISSAL ORDER**

On this date, the Court considered its subject matter jurisdiction over this case. A court may raise the issue of subject matter jurisdiction *sua sponte* if it appears that the Court lacks such jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Plaintiff Pradera SFR, LLC ("Pradera") filed this action for indemnification against Defendant American Housing Ventures ("AHV") for attorneys' fees and litigation costs arising out of a copyright dispute filed in this Court by Kipp Flores Architects, LLC (the "KFA Lawsuit") in 2021 against both Pradera *and* AHV, which settled in 2023.

In its complaint, Pradera invoked two bases for the Court's jurisdiction over this case:

(1) the Court's order dismissing the KFA Lawsuit but "retain[ing] jurisdiction over the parties and the case for the purposes of enforcing the settlement agreements between the parties," ECF No. 230,

(2) federal question jurisdiction under 28 U.S.C. § 1331 because "resolution of Plaintiff's claims involves issues arising under federal copyright law."

*See* ECF No. 1 ¶ 3.

Still, Pradera insists, in both its complaint and its opposition to AHV's motion to dismiss—that "[t]his is a straightforward indemnification claim." *Id.* at 1; *see also* ECF No. 15 at 8 ("Plaintiff has pled an indemnification claim[.]"). Moreover, despite Pradera's assertion that "[t]his case

seeks to enforce [an indemnity] obligation in the Settlement Agreement," its response brief clarifies that the indemnification claims arise out of a different agreement altogether. *See* ECF No. 15 at 8 (Plaintiff has pled an indemnification claim *under the Development Agreement only*.") (emphasis added); *see also id.* at 2 n.1 ("The Settlement Agreement is [not] 'central' to Pradera's claims[.]").

According to Pradera's own representations, this is not an action to enforce the settlement of the KFA Lawsuit. Indeed, because the KFA Lawsuit did not involve any crossclaims between Pradera and AHV, the settlement of that case, by definition, excluded any such claims. Because this case raises novel claims that were not addressed in the KFA Lawsuit, the Court must have an independent basis for asserting jurisdiction over Pradera's indemnification claim.

No federal issue appears on the face of Pradera's complaint that could support federal question jurisdiction. *See generally* ECF No. 1; *see also* ECF No. 15 at 8–9 ("Pradera has not brought a claim for copyright infringement. Neither has it asserted a claim for indemnification based on the Copyright Act."). Nor do the parties assert—and the Court has no reason to believe—that diversity jurisdiction exists in this case. Accordingly, the Court concludes that it does not have subject matter jurisdiction over Pradera's indemnification claim and that this case must be dismissed without prejudice.

This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. A final judgment will follow pursuant to Rule 58.

Defendant's motion to dismiss (ECF No. 13) is **DISMISSED AS MOOT**.

The status conference and hearing scheduled for Tuesday, February 25, 2025, at 10:30 a.m. is **CANCELED**.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 24th day of February, 2025.

                                                        _____
                                                        XAVIER RODRIGUEZ
                                                        UNITED STATES DISTRICT JUDGE